UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


KENNI R. ALONZO,

     Movant


v.                                CIVIL ACTION NO. 2:09-0745
                                (Criminal No. 2:00-00130-01)


UNITED STATES OF AMERICA,

     Respondent


MEMORANDUM OPINION AND ORDER


     Pending is petitioner Kenni R. Alonzo's request for a Writ of Audita Querela pursuant to 28 U.S.C. 1651, filed June 30, 2009.

     On July 8, 2009, the Honorable Mary E. Stanley, United States Magistrate Judge, entered her proposed findings and recommendation ("PF&R") pursuant to 28 U.S.C. § 636.  The magistrate judge recommends that the petition be denied inasmuch as the requested Writ is not a suitable device for challenging a conviction or sentence if the grounds asserted therein could have been pursued under 28 U.S.C. § 2255.  On July 16, 2009, petitioner objected.

Petitioner is serving a 384-month period of incarceration following his conviction for conspiracy to distribute more than fifty grams of cocaine base (Count One), distribution of cocaine base (Count Five), and using, carrying and possessing a firearm during and in relation to a drug trafficking crime (Count Six), in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 924(c), respectively.[1] Petitioner's appeal of the Judgment was unsuccessful.

On December 18, 2002, petitioner sought relief pursuant to 28 U.S.C. § 2255, which was denied.  On February 23, 2007, his appeal of the Judgment denying his section 2255 motion was dismissed by the court of appeals after his application for a certificate of appealability was denied.

Petitioner now seeks the Writ based upon his contention that the United States failed to file an information under 18 U.S.C. § 851 prior to the court treating him as a career offender pursuant to United States Sentencing Guidelines section 4B1.1. Assuming the Writ was available to petitioner in this procedural setting, his contention fails on the merits.

---

[1]On May 21, 2009, petitioner's original 360-month sentence on Counts One and Five was reduced to 324 months pursuant to 18 U.S.C. § 3582(c)(2).  The mandatory consecutive sentence of 60 months imprisonment as to Count Six was left intact, for a total custodial term of 384 months.

Paragraph 4 of the presentence report provides pertinently as follows:

> The August 1, 2000, session of the federal grand jury seated at Charleston returned an eleven-count second superseding indictment charging Kenni Raymon Alonzo . . . . . Mr. Alonzo is . . . charged in Count One, Five, Six, and Seven.  In the second superseding indictment, Count One and Seven were amended to reflect that the offenses charged involved in excess of 50 grams of cocaine base . . . .

(PSR ¶ 4).[2]  Accordingly, the maximum sentence that could have been imposed as to Count One was life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).

The Judgment entered February 15, 2001, reflects that the conventional calculation of the offense level resulted in a total of 38, one point more than the maximum offense level that would have applied under section 4B1.1.  See U.S.S.G. § 4B1.1(A). Inasmuch as the conventional calculation of the offense level resulted in a higher point total than would have been obtained using section 4B1.1(A), that higher level of 38 was used instead of the level 37 called for under section 4B1.1(A).  Inasmuch further as petitioner qualified for treatment as a career offender, his criminal history category was properly calculated

---

[2]On November 21, 2000, the court dismissed Count Seven after the jury failed to reach a verdict as to that charge.

at a level VI.[3]  A total offense level of 38 coupled with a

criminal history category of VI resulted in a sentencing range of

360 months to life imprisonment, the range utilized by the court

at final disposition.  Additionally, the United States was not

required to file a section 851 information prior to petitioner

being categorized as a career offender.  See, e.g., United States

v. Foster, 68 F.3d 86, 89 (4th Cir. 1995) ("As virtually every

court to consider the issue of whether an information must be

filed before the government can seek an enhanced sentence under

the Sentencing Guidelines has concluded, section 851's

requirement that the government file an information before entry

of a guilty plea simply does not apply when the government seeks

enhancements under the Guidelines.  We now join our sister

circuits in expressly so holding.")(footnote omitted).[4]

_____

[3]It appears that petitioner's criminal history score would
have resulted in a criminal history category of VI in any event.
(See PSR ¶ 62 (noting "[a] criminal history score of 15 places
the defendant in Criminal History Category VI."); Trans. of Sent.
Hrg. at 676 (noting petitioner was subject to a criminal history
category of VI prior to finding that he qualified for treatment
as a career offender).

[4]Petitioner's reliance upon United States v. Beasley, 495
F.3d 142 (4th Cir. 2007), is misplaced.  In Beasley, the
defendant's argument was summarized as follows:

    Beasley contends . . . that the district court was not
    authorized to rely on the enhanced penalties provided
    by § 841(b)(1)(B) for repeat drug offenders because the
    government did not file an "information" "before
                                                (continued...)

4

Petitioner's objection is thus not meritorious.  The
court, accordingly, adopts and incorporates herein the magistrate
judge's proposed findings and recommendation and ORDERS that the
petition for a Writ of <u>Audita Querela</u> be, and it hereby is,
denied.

Pursuant to Federal Rule of Appellate Procedure
4(a)(1)(B), movant shall have sixty days after the date of entry
of this memorandum opinion and order in which to appeal.  The
failure within that period to file with the Clerk of this court a
notice of appeal of the Judgment will render this memorandum
opinion and order and the Judgment final and unappealable.

---

[4](...continued)
trial," as required by 21 U.S.C. § 851(a), and
therefore did not provide him with timely notice of its
intent to rely on his prior convictions to request
increased punishment.

<u>Id.</u> at 145.  There was no need in this action for the United
States to file an information seeking enhanced <u>statutory</u>
penalties.  As noted, the maximum sentence that the petitioner
faced as to at least one count was life imprisonment.  In any
event, petitioner received a guidelines sentence without any
increased statutory penalties based upon his prior criminal
convictions.

The Clerk is directed to forward copies of this written opinion and order to the petitioner, all counsel of record, and the United States Magistrate Judge.

DATED:  August 19, 2009

John T. Copenhaver, Jr.
United States District Judge