```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION No. 2:00-00130-1

**KENNI RAYMON ALONZO**

## MEMORANDUM OPINION AND ORDER

Pending are the defendant's <u>pro se</u> letter-form motion for appointment of counsel, filed by the Clerk on March 8, 2019 (ECF No. 382), the defendant's duplicate <u>pro se</u> letter-form motion for appointment of counsel, filed by the Clerk on March 11, 2019 (ECF No. 384), and the defendant's <u>pro se</u> letter-form motion for compassionate release, filed by the Clerk on August 21, 2020 (ECF No. 393).

### I.   Background

On November 13, 2000, the defendant was convicted following a jury trial of conspiracy to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One); distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Five); and the use, carry, or possession of a firearm during, in relation to, and in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Six).  See ECF No. 174; ECF No. 191.

At sentencing, the Counts One and Five drug offenses were grouped together pursuant to § 3D1.2(d) of the 2000 version of United States Sentencing Guidelines then in effect.  See ECF No. 348 at 11 (presentence investigation report ("PSR")); ECF No. 191 at 7 (statement of reasons adopting PSR except as provided); see also U.S.S.G. § 3D1.2(d) (2000).  With respect to Counts One and Five, the court found the defendant responsible for at least 50 grams of cocaine base, which, under the 2000 Sentencing Guidelines, resulted in a base offense level of 32.  See ECF No. 191 at 7; see also U.S.S.G § 2D1.1(c)(4) (2000).  Application of a leadership-role enhancement would have resulted in a total offense level of 36; however, because the statutory maximum sentence for Count One was life and a career-offender enhancement applied, the defendant's total offense level was 37.  See ECF No. 191 at 8; ECF No. 348 at 11-12; see also U.S.S.G. §§ 3B1.1(a), 4B1.1, (2000).[1]  The career-offender provision also resulted in a criminal history category VI, which, when combined

---

[1] As the court has previously noted, page 6 of the judgment order "contains a clerical error in that the defendant's Total Offense Level is set forth as being 38, rather than 37 as correctly set forth on page 6.1."  ECF No. 370.

2

with the total offense level, yielded a guidelines range of 360 months to life in prison.  See ECF No. 191 at 8; see also U.S.S.G. § 4B1.1 (2000); U.S.S.G. ch. 5 pt. A (2000) (sentencing table).

With respect to the Count Six firearm offense, the court determined that the guidelines term was five years' imprisonment – the statutory minimum term – to be served consecutively to the prison terms imposed for the Counts One and Five drug offenses.  See ECF No. 191 at 7; ECF No. 348 at 12; see also 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii) (2000); U.S.S.G. §§ 2K2.4, 5G1.2(a) (2000).

On February 15, 2001, the court imposed an aggregate term of 420 months' imprisonment.  See ECF No. 191 at 2.  The aggregate term consisted of a 360-month term (the low end of the guideline range) imposed for Count One to run concurrently with a 20-year term (the statutory maximum) imposed for Count Five, followed by a consecutive 60-month term (the guidelines term) imposed for Count Six.  See id.

In 2008, the defendant moved for a reduction in sentence based on a 2007 amendment to § 2D1.1 of the guidelines, which reduced the base offense levels associated with cocaine base offenses and was made retroactively applicable in 2008.  See ECF No. 315; see also U.S.S.G. App. C Amend. 706, 713.  In

3

2009, The court granted the defendant's motion and – after determining that an amended total offense level of 36, resulting in an amended guidelines range of 324 to 405 months' imprisonment, applied for Counts One and Five – reduced the defendant's sentence to 324 months for Count One (still running concurrently with the 20-year term for Count Five), to be followed by the consecutive 60-month term for Count Six.  See ECF No. 325.[2]  The defendant's subsequent motions, filed in 2012 and 2018, to reduce his sentence based on later guidelines amendments were denied.  See ECF No. 360; ECF No. 366; ECF No. 367; ECF No. 368; 370.

On March 8, 2019, following enactment of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the defendant filed a pro se letter-form motion asking for the court to appoint counsel to represent him in seeking relief under § 404 of the Act.  See ECF No. 382.  On March 11, 2019, the defendant filed a duplicate pro se letter-form motion requesting appointment of counsel.  See ECF No. 384.  Following the first

---

[2] In a July 5, 2018 order, the court noted that it had "improvidently granted" the defendant's motion for a reduced sentence, explaining that, because the defendant's sentence was based on his career-offender designation, he had not been eligible for the reduction he received.  See ECF No. 370. Nevertheless, the defendant is currently serving the reduced 324-month term for Count One.

of these motions, the court, on March 8, 2019, appointed the Office of the Federal Public Defender to represent the defendant in seeking First Step Act relief. See ECF No. 383.

The defendant, through appointed counsel, filed a memorandum on May 22, 2019, and a supplemental memorandum on February 18, 2020, seeking relief under § 404 of the First Step Act. See ECF No. 386; ECF No. 387. On May 28, 2020, he also filed, through appointed counsel, a second supplemental memorandum arguing for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act, in light of the COVID-19 pandemic. See ECF No. 390. On June 2, 2020, the court entered an order directing the government to file a response to the memoranda by June 21, 2020. See EFC No. 391. On June 19, 2020, the government filed its response. See ECF No. 392. On August 21, 2020, the defendant filed a pro se letter-form motion raising further arguments for First Step Act relief. See ECF No. 393.

## II. Discussion

The defendant's submissions seek relief under § 404 of the First Step Act as well as under the compassionate-release statute, § 3582(c)(1)(A)(i), that was modified by the First Step Act. The court addresses these bases for relief in turn.

5

A.   **Section 404 of the First Step Act**

When presented with a motion for a reduction in sentence under § 404 of the First Step Act, the court must first determine whether the defendant's sentence is eligible for the court's consideration of the motion on its merits. See United States v. Lancaster, 997 F.3d 171, 174 (4th Cir. 2021). A sentence is eligible if:

1. the sentence is for a "covered offense," meaning for "'a violation of a Federal criminal statute the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, and that was committed before August 3, 2010'";

2. "the motion for a reduction is "addressed to the court that imposed the subject sentence"; and

3. the sentence was not either (a) "'previously imposed or previously reduced' [in accordance with] the Fair Sentencing Act" or (b) "the subject of a motion made [under § 404] after enactment of the First Step Act that was denied 'after a complete review of the motion on the merits.'"

Id. at 174-75 (quoting First Step Act, § 404(b), 132 Stat. at 5222).

The defendant's sentence is eligible for merits consideration.[3] First, the defendant's sentence, with respect to

---

[3] The government concedes that the defendant's sentence is eligible for consideration of § 404 relief on the merits. See ECF No. 392 at 1, 8.

6

Count One,[4] was imposed for a violation of § 846 – based on a conspiracy to distribute in excess of 50 grams of cocaine base, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) – committed prior to August 3, 2010, which is a covered offense. See Gravatt, 953 F.3d at 263 (violation of § 846 based on violation of § 841(a)(1) and (b)(1)(A)(iii) prior to August 3, 2010, is a covered offense).[5]  Next, the defendant's requests for relief are addressed to this court, which imposed the sentence the defendant is now serving.  Finally, the defendant's sentence was not imposed, and has not been reduced, in accordance with

---

[4] Although the defendant's Count Five conviction, standing alone, would not be a covered offense because it was not for a violation of a statute whose penalties were modified by the Fair Sentencing Act, see United States v. Terry, 141 S. Ct. 1858 (2021), a defendant may be eligible for First Step Act relief even if he is convicted of both an offense that is covered and an offense that is not covered, see United States v. Gravatt, 953 F.3d 258, 264 (4th Cir. 2020).  In any event, the defendant has completed the 20-year prison term imposed for Count Five, so it is unnecessary for the court to determine whether relief would be warranted with respect to that offense.

[5] Prior to the Fair Sentencing Act, a violation of § 841(a)(1) involving 50 grams or more of cocaine base carried a statutory prison term of no less than 10 years and no more than life.  See 21 U.S.C. § 841(b)(1)(A)(iii) (2009).  After the Fair Sentencing Act's modifications, a violation of § 841(a)(1) involving more than 28 grams but less than 280 grams of cocaine base carried a statutory prison term of no less than 10 and no more than 40 years.  See 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii) (2010).  The Fair Sentencing Act thus "derivatively" reduced sentences for an § 846 violation based on a conspiracy involving 50 grams or more of cocaine base.  Lancaster, 997 F.3d at 173, 175 (citing Gravatt, 953 F.3d at 259).

the Fair Sentencing Act, nor has it been the subject of a motion decided by the court on the merits brought pursuant to § 404 of the First Step Act.

Upon determining that a sentence is eligible for consideration under § 404(b), the court has "discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed." Lancaster, 997 F.3d at 175. "To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of 'intervening case law' and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a)." Id. (internal citations omitted) (quoting United States v. Chambers, 956 F.3d 667, 672 (4th Cir. 2020)). "[I]n considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing." Id. "If, after conducting th[is] analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated." Id.

With respect to recalculating the guidelines range, the defendant, through counsel, asserts that the current 2018 version of the Sentencing Guidelines should be used to

recalculate his range. See ECF No. 386 at 4; ECF No. 387 at 4. Although not entirely clear from his briefing, the defendant appears to argue that his guidelines range under the 2018 version begins at 360 months. Compare ECF No. 386 at 3-4 (arguing recalculated range is 262 to 327 months), with ECF No. 387 at 4-5 & n.3 (arguing recalculated range begins at 360 months in light of career-offender enhancement). For its part, the government agrees with the defendant that the 2018 version of the Sentencing Guidelines should be used to recalculate the guidelines range. See ECF No. 392 at 5. However, the government argues that the recalculated range is 262 to 327 months for Count One followed by a guidelines term of 60 months for Count Six. See id. at 8-9.

Despite the parties' apparent agreement regarding the use of the 2018 version of the Sentencing Guidelines, the court concludes that it is appropriate to use the 2000 version to recalculate the defendant's guidelines range for purposes of § 404 analysis. See United States v. Davis, 824 F. App'x 191, 193 (4th Cir. 2020) (explaining, in context of motion for sentence reduction under § 404, that "it [i]s not incumbent upon the district court to consider a revised Guidelines range in

9

accordance with the current version of the Guidelines manual").[6] Under the 2000 version, if the Fair Sentencing Act had applied at the time of the defendant's sentencing, the base offense level for Count One would still be 32, see U.S.S.G. § 2D1.1(a)(3), (c)(4) (2000), but the total offense level following application of the leadership-role and career-offender enhancements would be 36, see ECF No. 191 at 8; U.S.S.G. §§ 3B1.1(a), 4B1.1 (2000).[7] In light of the career-offender provision, criminal history category VI would still apply. See U.S.S.G. § 4B1.1 (2000); see also United States v. Canter, 664 F. App'x 347, 349 (4th Cir. 2016) (category VI applies under § 4B1.1 regardless whether the court applies the offense level from the career-offender table). A total offense level of 36 in

---

[6] Employing the 2018 version, the guidelines range for Counts One and Six together would be 360 months to life in prison, with at least 60 months of that term ordered to run consecutively to the remainder of the term. See U.S.S.G. §§ 2D1.1(a), (c)(8), 2K2.4(c), 3B1.1(a), 4B1.1, 5G1.2(e) (2018); id. ch. 5 pt. A. Because application of the 2018 version arguably provides for a higher sentencing range than the 2000 version, the court notes that application of the 2018 version might raise concerns of an Ex Post Facto Clause violation. See United States v. Abed, 3 F.4th 104, 113 (4th Cir. 2021).

[7] The defendant does not contest, and appears to concede, that he still qualifies for the guidelines career-offender enhancement. See ECF No. 387 at 4-9. Rather than dispute the enhancement's applicability, the defendant, as discussed further below, argues for a downward variance from the recalculated guidelines range on the ground that the enhancement is "fundamentally flawed." Id. at 5.

criminal history category VI would yield a guidelines range of 324 to 405 months' imprisonment, see U.S.S.G. ch. 5 pt. A (sentencing table) (2000). The guidelines term for Count Six would remain five years' imprisonment to be served consecutively to the Count Five prison term. See 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii) (2000); U.S.S.G. §§ 2K2.4, 5G1.2(a) (2000).

The sentence the defendant is currently serving is within the recalculated guidelines range. As set forth earlier, in light of his 2009 sentence reduction, the defendant is now serving a 324-month prison term for Count One (at the low end of the recalculated guidelines range) followed by a 5-year consecutive prison term for Count Six (the recalculated guidelines term).

With respect to the § 3553(a) factors, the defendant raises two arguments. First, he argues that his original sentence – imposed prior to the Supreme Court's pronouncement in United States v. Booker, 543 U.S. 220 (2005), that the guidelines are advisory and not mandatory – is driven largely by the career-offender enhancement and that now, post-Booker, sentencing courts routinely sentence career offenders significantly below the advisory guideline range because the enhancement does not take into account the circumstances of the predicate offenses. See ECF No. 387 at 4-7. The defendant

11

argues that sentencing courts are most likely to vary downward from a guidelines range to negate a career-offender enhancement when the predicate convictions are for drug offenses, rather than violent offenses. See id. In this vein, the defendant points out that only one of his prior convictions was for a violent offense and that the two other prior convictions were for relatively minor drug offenses. See id.; see also ECF No. 348 at 11-15.[8]

Second, the defendant argues that his conduct after his initial sentencing while he has been incarcerated favors a variance. See ECF No. 387 at 7-9. He points out that he has incurred no sanctions over the more than 21 years he has been imprisoned. See United States v. Spotts, Nos. 3:00-cr-0647; 3:98-00047-01, 2019 WL 6521981, at *2 (S.D.W. Va. Dec. 3, 2019) (finding it "[s]omewhat remarkabl[e]" that the defendant "accumulated no more than twelve sanctions over the course of his nearly twenty-two year term of incarceration" and ultimately granting § 404 relief). He further points to the numerous

---

[8] To the extent the defendant argues that his 1999 Michigan conviction for felonious assault would no longer qualify as a predicate conviction, see ECF No. 348 at 14; ECF No. 378 at 6-7, the argument appears to be misguided, see United States v. Harris, 853 F.3d 318 (6th Cir. 2017) (concluding that conviction under Michigan's felonious assault statute qualifies as a predicate conviction for a crime of violence for purposes of the career-offender enhancement).

educational programs he has completed as well as accolades from his employment supervisor.  See ECF No. 387 at 7-9; see also ECF No. 387-1; ECF No. 387-2; ECF No. 387-3.

In light of these circumstances, the defendant requests that the court reduce his sentence to an aggregate term of 322 months in prison, comprised of a 262-month term for Count One and a consecutive 60-month term for Count Six.  The court notes that, if the defendant were sentenced under the 2000 version of the Sentencing Guidelines without the career-offender enhancement, and crediting him with the two-level reduction he received in 2009, the guidelines would call for a range of 262 to 327 months for Count One followed by a 60-month term for Count Six.  See ECF No. 191 at 8; ECF No. 348 at 11-12, 14-15; see also U.S.S.G. §§ 2D1.1(a)(3), (c)(4), 2K2.4, 3B1.1(a), 5G1.2(a) (2000); U.S.S.G. ch. 5 pt. A (2000).

The government states that it believes a sentence reduction is appropriate in this case.  See ECF No. 392 at 9.  Operating under the belief that the recalculated guidelines range for Count One is 262 to 327 months, the government further states that a term within this range for Count One followed by a 60-month consecutive term for Count Six would be appropriate in light of the § 3553(a) factors.  See id.

The court concludes that the reduced sentence requested by the defendant and not opposed by the government is appropriate under the circumstances of this case. The court notes that, in light of the pre-Booker imposition of the defendant's original sentence and the 2009 modification, which did not allow for consideration of a variant sentence, see U.S.S.G. § 1B1.10(b)(2) (2008), these First Step Act proceedings are among the first in which the court has had an opportunity to consider the propriety of a downward variance from Count One's guidelines range.  Having considered the § 3553(a) factors, including the defendant's sanction-free custody of over 21 years, the court finds that an aggregate term of 322 months' imprisonment – comprised of a 262-month term for Count One, which represents a downward variance from the recalculated guidelines range, followed by a consecutive 60-month term for Count Six, which is the recalculated guidelines term – is sufficient, but not greater than necessary, to meet the goals of sentencing in view of the policy goals animating the First Step Act.[9]

---

[9] Both parties have stated that the court need not conduct a plenary resentencing before deciding the extent of any sentence reduction.  See ECF No. 387 at 4 n.1; ECF No. 392 at 1, 5-7.

B.     **Compassionate Release**

In addition to relief under § 404 of the First Step Act, the defendant, both through counsel and in his pro se motion, asks the court to reduce his sentence of imprisonment by ordering his immediate release, pursuant to § 3582(c)(1)(A)(i). See ECF No. 390; ECF No. 393.  In support of his request, the defendant cites the threat that COVID-19 poses to inmates incarcerated in federal prisons.  See ECF No. 390 at 1-3.  He states that the conditions in the federal prisons prevent him and other prisoners from following recommended guidance for preventing the spread of COVID-19 among prisoners, and that the efforts of the Bureau of Prisons ("BOP") to manage the pandemic has been ineffective.  See id. at 1-3.  He further states that he has underlying health conditions – asthma and hypertension – that, according to the Centers for Disease Control and Prevention, place him at higher risk from COVID-19.  See id. at 4-5.  The defendant has also explained his plans to reside with family and to maintain employment once released.  See ECF No. 393.

The defendant's counsel states that the defendant informed counsel that he sought relief from the BOP and was denied.  See ECF No. 390 at 1 n.1.  The defendant provides no other information or substantiating records demonstrating that

15

he appropriately exhausted administrative remedies before seeking relief from the court.

As counsel observes, the defendant reported to the probation office at the time his PSR was prepared that he suffers from asthma. See ECF No. 348 at 16. And counsel states that the defendant informed counsel that he has been diagnosed with hypertension. See ECF No. 390 at 5. However, the defendant has provided no medical records or other documentation to substantiate these medical conditions.

With respect to the defendant's arguments concerning the COVID-19 pandemic, the court notes that, as of September 3, 2021, the BOP reports that FCI Milan, the facility where the defendant is incarcerated, has, out of 1,346 total inmates, no confirmed active cases of infection, and only four confirmed active case of infection for staff. See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited September 3, 2021). The court further notes that the BOP also reports that 741 inmates and 160 staff at FCI Milan have received full COVID-19 vaccine inoculations. See id.

The court finds that, under the circumstances, the defendant has not shown himself to be at undue risk from COVID-19, has not shown substantial diminishment of his ability to provide self-care in the environment of the correctional

16

facility, and has not presented extraordinary and compelling reasons meriting the relief he seeks under § 3582(c)(1)(A)(i).[10]

### III. Conclusion

For the foregoing reasons, it is ORDERED that:

1. the defendant's pro se letter-form motion for appointment of counsel (ECF No. 382) be, and hereby it is, granted nunc pro tunc;

2. the defendant's duplicate pro se letter-form motion for appointment of counsel (ECF No. 384) be, and hereby it is, denied as moot;

3. the defendant's pro se letter-form motion for compassionate release (ECF No. 393) be, and hereby it is denied to the extent it seeks immediate release pursuant to § 3852(c)(1)(A)(i) and granted to the extent it seeks a reduction in sentence pursuant to § 404 of the First Step Act; and

---

[10] To the extent the defendant argues that the COVID-19-related circumstances he addresses should inform the court's consideration of whether and to what extent § 404 relief should be granted, see ECF No. 390 at 5, the court has considered those circumstances and finds that the sentence reduction discussed in Part II.A, supra, remains appropriate.

4. the defendant's previously imposed sentence be, and hereby it is, modified as follows: The defendant is to be imprisoned for a total term of 322 months, consisting of a 262-month term as to Count One and a 20-year term as to Count Five, to run concurrently, with credit for time served, and a 60-month term as to Count Six, with credit for time served, to run consecutively to the Count One and Count Five terms.[11]

The Clerk is directed to transmit copies of this memorandum opinion and order to the defendant and all counsel of record.

ENTER: September 3, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge

---

[11] It is the court's intention that any amount of time the defendant has served as to Count One beyond the reduced 262-month term, taking into account any good time credits, be credited to the consecutive 60-month term for Count Six.